# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

ROBERT B. FRIER,

        Petitioner,

    v.                                  Case No. 07-C-328

STEVE WATTERS,

        Respondent.

## ORDER

On April 5, 2007, Robert B. Frier filed a petition for a writ of habeas corpus, seeking relief under 28 U.S.C. § 2254 from his civil detention at Sand Ridge Correctional Center in Mauston, Wisconsin. Frier has been civilly detained there, pursuant to Wis. Stat. Ch. 980 (Sexually Violent Person Commitments), since a 1997 civil commitment hearing in the Circuit Court of Sauk County. In an earlier order, this court ordered Frier either to pay the $5 filing fee or to provide a trust account statement pursuant to Rule 3 of the Rules Governing Section 2254 Cases. (Order of April 10, 2007.) Frier paid the $5 filing fee on April 16, 2007, and so I now proceed to screen his habeas petition.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Initially, I will address whether Frier's petition for habeas relief qualifies as a "second or successive" application. If so, this court would lack jurisdiction unless the court of appeals had first approved Frier's filing. *See* 28 U.S.C. § 2244(3)(A). On October 16, 2006, Frier filed a habeas petition with this court, which was ultimately dismissed without prejudice by Chief Judge Randa for failure to prosecute. *See Frier v. Watters*, No. 06-C-1081, 2007 WL 101221 (E.D. Wis. January 9, 2007). More particularly, Frier's petition was dismissed because he failed to use the proper filing form, and failed to provide necessary information regarding his initial commitment and any post-commitment review. *Id.* at *2. Frier appealed the district court's dismissal to the court of appeals, which dismissed the appeal for lack of jurisdiction on March 28, 2007, after concluding the district court's dismissal was not a final appealable order, since the dismissal was without prejudice. *Frier v. Watters*, No. 07-1242 (7th Cir. March 28, 2007) (order dismissing appeal for lack of jurisdiction).[1]

An exception to the general rule barring a second "kick at the can" for habeas petitioners absent authorization for same exists where the first petition was dismissed because of a curable technical deficiency, so that the dismissal is not final and therefore is without prejudice. *Pavlovsky v. Vannatta*, 431 F.3d 1063, 1064 (7th Cir. 2005) (citations omitted). In such circumstances, the actual first petition does not count as a first petition, and the second petition becomes the first. *Id.*

---

[1] Frier failed to attach a copy of the court of appeals' order to his instant habeas application as instructed, claiming he gave his copy to someone who now cannot locate it. However, the court was able to access the order electronically.

2

(citations omitted). "The idea is that the [petitioner] is entitled to one clean shot at establishing his entitlement to relief in a federal habeas corpus proceeding." *Id.* (citations omitted). Because the district court's dismissal of Frier's first habeas petition was for failure to prosecute and without prejudice, it does not count against him as his first petition. The technical deficiencies of his earlier filing—namely, failure to use the proper form and to provide necessary information regarding his initial commitment and any post-commitment review—are curable. Therefore, the instant petition is not a "second or successive petition" within the meaning of 28 U.S.C. § 2244.

To the extent his petition in understandable, Frier challenges the constitutionality of Chapter 980 on the ground that the petitioner's burden of proof on a petition for discharge is less stringent than the burden of proof applicable for initial commitment. In order to initially commit a person as a "sexually violent person" (SVP), the petitioner must prove beyond a reasonable doubt that the individual meets that statutory criteria for commitment. Wis. Stat. § 980.05(3)(a). To defeat a SVP's petition for discharge, however, the petitioner need only show by clear and convincing evidence that the person meets the criteria for commitment as a SVP. Wis. Stat. § 980.09(3). Freir contends that the State "lacks any rational basis for lowering the burden of proof after the information used to procure the initial judgment becomes even more remote in time." (Pet. at 6.) He notes that the Kansas SVP statute upheld by the Supreme Court in *Kansas v. Hendricks*, 521 U.S. 346, 364 (1997), required proof beyond a reasonable doubt that the detainee satisfied the same standards as required for the initial confinement if the detention was to be continued beyond a year. To continue his confinement without requiring the petitioner to establish beyond a reasonable doubt that he meets the criteria for commitment under Ch. 980, Frier contends, violates his Fourteenth Amendment right to due process of law.

Case 1:07-cv-00328-WCG   Filed 04/24/07   Page 3 of 4   Document 5

In order to meet due process demands, the standard for involuntary civil commitments must be at least equal to "clear and convincing evidence," but the "beyond a reasonable doubt" standard is not constitutionally required. *Addington v. Texas*, 441 U.S. 418, 431-33 (1979). Given the open-ended nature of due process, states remain free to fashion the details of their systems of involuntary civil commitment so long as confinement takes place pursuant to proper procedures and evidentiary standards. *Kansas v. Crane*, 534 U.S. 407, 413-14 (2002); *Kansas v. Hendrick*, 521 U.S. 346, 357 (1997). New Jersey, for example, utilizes the "clear and convincing" standard for civil commitment proceedings held under its analogous statute covering sexually violent persons. *See In re Commitment of W.Z.*, 173 N.J. 109, 133-34 (2002). That Wisconsin has chosen to utilize a higher standard for the initial determination in commitment proceedings under Chapter 980 reflects the State's high regard for individual liberty, *see Addington*, 441 U.S. at 425, but it is merely a windfall as far as constitutional protection is concerned. Once an individual is found to be a SVP under the heightened "beyond a reasonable doubt" standard, it is not unreasonable to use a slightly relaxed standard when the individual seeks discharge from his commitment. Because the evidentiary standard applicable to discharge proceedings under Chapter 980 meets the constitutional minimum set forth in *Addington*—namely, clear and convincing evidence—petitioner's claim here must fail. It simply has no support in federal law.

**THEREFORE, IT IS ORDERED** that this petition is summarily dismissed pursuant to Rule 4 of the Rules Governing § 2254 Cases.

Dated this ____23rd____ day of April, 2007.

            s/ William C. Griesbach
            William C. Griesbach
            United States District Judge