UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROBERT B. FRIER,

        Petitioner,

v.                                           Case No. 07-C-328

STEVE WATTERS,

        Respondent.

### ORDER

Petitioner Robert B. Frier has been civilly detained at Sand Ridge Correctional Center in Mauston, Wisconsin, pursuant to Wis. Stat. Ch. 980 (Sexually Violent Person Commitments), since a 1997 civil commitment hearing. He has requested a certificate of appealability, which would enable him to appeal my denial of his petition for a writ of habeas corpus. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b); *Slack v. McDaniel*, 529 U.S. 473, 481-82 (2000).

The certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack*, 529 U.S. at 484 (internal quotation marks omitted) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). If the court issues a certificate of appealability, it must indicate on which specific issue or issues the petitioner has satisfied the "substantial showing" requirement. 28 U.S.C. § 2253(c)(3).

1

In his habeas petition, Frier challenged the constitutionality of Chapter 980 on the ground that the state's burden of proof at a committee's discharge proceeding is lower (clear and convincing evidence) than the burden of proof applicable for initial commitment (beyond a reasonable doubt). In dismissing his petition, I noted that the constitutional standard for civil commitment proceedings is, at a minimum, clear and convincing evidence. *Addington v. Texas*, 441 U.S. 418, 431-33 (1979). That Wisconsin has chosen to raise the bar for itself in initial commitment proceedings reflects the state's high regard for individual liberty, but is merely a windfall as far as constitutional protection is concerned. Thus, I concluded it was reasonable for the state to lower the standard to the constitutional minimum in subsequent discharge proceedings.

Frier claims *Levine v. Torvik*, 986 F.2d 1506 (6th Cir. 1993), *overruled in part on other grounds by Thompson v. Keohane,* 516 U.S. 99, 111 (1995), undermines my dismissal of his habeas petition. In *Levine*, the habeas petitioner had been acquitted, by reason of insanity, of numerous criminal charges, including aggravated and attempted murder. Levine did not challenge the state's recommitment procedures, but rather challenged the trial court's application of those procedures. Nevertheless, the *Levine* court addressed the appropriate burden of proof at recommitment proceedings for insanity acquittees in Ohio. The court noted that the Supreme Court had not established a constitutionally required burden of proof for such proceedings.[1] *Id.* at 1515. The situation in *Levine*, then, differs markedly from Frier's, for the Supreme Court *has* set forth the constitutional standard for civil commitment proceedings, namely, in *Addington*. With no

---

[1] The Supreme Court had merely noted the variety of approaches undertaken by states when committing insanity acquittees: some states employed automatic commitment, while other states used civil commitment procedures or had their own unique standards. *Levin*, 986 F.2d at 1515 (citing *Jones v. United States*, 463 U.S. 354, 370 n.20 (1983)). The Court did not indicate that any of these approaches was constitutionally suspect. *Id.*

2

constitutionally required standard set by Supreme Court precedent, the *Levine* court determined that the appropriate standard for the recommitment proceedings for insanity acquittees was preponderance of the evidence, even though Ohio statute had established a clear and convincing standard. However, the *Levine* court made clear that the state of Ohio had not

> created a liberty interest assuring that insanity acquittees may not be recommitted on a showing of less than clear and convincing evidence. A state cannot be said to have a federal due process obligation to follow all of its procedures; such a system would result in the constitutionalizing of every state rule, and would not be administrable. *See Engle v. Isaac*, 456 U.S. 107, 102 S.Ct. 1558, 71 L. Ed. 2d 783 (1982). In a habeas case, the federal court inquiry should be whether the state's procedures have passed federal constitutional muster, not whether there was an error in the state's applying its own law.

The appropriate inquiry in Frier's habeas petition was whether Chapter 980's evidentiary standard for discharge proceedings passes federal constitutional muster, and clearly, under *Addington*, it does.

Frier claims, however, that *Addington* has nothing to do with his habeas petition, and that this court has overlooked his substantive due process attack on Chapter 980's lower burden of proof in discharge proceedings. The substantive component of the Due Process Clause bars certain arbitrary, wrongful government actions "regardless of the fairness of the procedures used to implement them." *Daniels v. Williams*, 474 U.S. 327, 331 (1986). Among the rights protected by substantive due process are certain rights found in the Constitution and Bill of Rights, as well as certain rights not found in the Constitution but considered fundamental. However, substantive due process does not come into play here for the simple reason that Chapter 980's higher evidentiary standard at initial commitment proceedings does not create a liberty interest (that would then need protection under substantive due process). Just as Ohio did not create a liberty interest for insanity

3

acquittees when it set a higher bar for itself in their recommitment proceedings (beyond what is constitutionally required), Wisconsin, in setting for itself a higher bar in initial civil commitment proceedings (beyond what is constitutionally required), has not created a liberty interest for civil committees in their subsequent discharge proceedings.[2]

For the preceding reasons, I do not find Frier has made the required substantial showing that he has been denied a constitutional right.

Frier has also filed a request to appeal *in forma pauperis* my denial of his habeas petition. Section 1915(a)(3) states that an appeal may not be taken *in forma pauperis* if the district court certifies in writing that the appeal is not taken in good faith. "Good faith" is an objective standard. *Coppedge v. United States*, 369 U.S. 438, 446 (1962); *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000). An appeal is taken in "good faith" if it seeks review of any issue that is not clearly frivolous, *Coppedge*, 369 U.S. at 446; *Lee*, 209 F.3d at 1026, meaning that a reasonable person could suppose it to have at least some legal merit, *Lee*, 209 F.3d at 1026; *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). The existence of any nonfrivolous issue on appeal is sufficient to require the court to grant the petition for leave to proceed *in forma pauperis*. *Dixon v. Pitchford*, 843 F.2d 268, 270 (7th Cir. 1988).

Although I conclude that the petitioner's appeal is meritless, I cannot say that the issue raised is frivolous. Nevertheless, I cannot presently decide petitioner's request to proceed *in forma pauperis*, because he has failed to include "a certificate from the warden or other appropriate officer

---

[2] Another way to look at this is to envision Frier's situation if Wisconsin had established "clear and convincing evidence" as the standard applicable to initial commitment proceedings under Chapter 980, as it was constitutionally permitted to do. In that scenario, Frier would still have been committed, and he could not point to any difference between the standard for initial commitments and the standard applicable to discharge proceedings.

4

of the place of confinement showing the amount of money or securities" he has in any account in the institution. Rule 3(a)(2) of the Rules Governing § 2254 Cases. Petitioner also failed to file such a certificate when he requested to proceed *in forma pauperis* in his habeas petition to this court. I therefore advised petitioner that he must provide the account statement or pay the $5 filing fee. (Order of April 9, 2007.) As petitioner paid the filing fee, the court never received petitioner's institutional account statement. Here, as before, petitioner will be given 21 days from the date of this order either to pay the filing fee to appeal, which is $455, or to submit a certified copy of his institutional account statement.

**IT IS THEREFORE ORDERED** that the request for a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner will be given 21 days from the date of this order to pay the $455 filing fee to appeal or submit a certified copy of his trust fund account statement.

A copy of this order will be sent by my clerk to the Attorney General for the State of Wisconsin, c/o Gregory M. Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707; and to Gino J. Agnello, Circuit Clerk for the Seventh Circuit, United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604.

Dated this   4th   day of May, 2007.

                                                s/ William C. Griesbach
                                                William C. Griesbach
                                                United States District Judge