UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROBERT B FRIER,

        Petitioner,

  v.                                      Case No. 07-C-328

STEVE WATTERS,

        Respondent.

**ORDER**

Petitioner Robert B. Frier is a patient civilly detained as a Sexually Violent Person (SVP) at the Sand Ridge Secure Treatment Center in Mauston, Wisconsin, pursuant to Wisconsin Statute Chapter 980. On April 5, 2007, Frier filed a petition for a writ of habeas corpus claiming that his commitment violated his right to due process because the burden of proof on a petition for discharge from confinement is less stringent than the burden of proof applicable for his initial commitment. An initial commitment of an individual under Chapter 980 requires proof beyond a reasonable doubt, whereas a discharge petition requires only clear and convincing evidence. On April 24, 2007, this court entered an order summarily dismissing Frier's petition for failure to state a claim. Petitioner filed a Notice of Appeal, but this court denied his Motion for a Certificate of Appealability finding that he had failed to make a substantial showing that he had been denied a constitutional right. On September 4, 2007, the United States Court of Appeals for the Seventh Circuit agreed and dismissed the appeal.

Frier has now filed a Motion for Relief from Judgment pursuant to Fed. R. Civ. P. 60(b) in which he claims that a change in the law warrants the relief he sought. In support of his motion, Frier cites a decision of a United States district court which held that Congress exceeded its authority in enacting the civil commitment provision of the Adam Walsh Child Protection and Safety Act, 18 U.S.C. § 4248. *United States v. Comstock*, 507 F. Supp. 2d 522 (E.D.N.C. 2007). The federal act, like Chapter 980, permits the civil commitment of individuals found to meet the statutory definition of sexually dangerous persons. In ruling the civil commitment provision unconstitutional, the *Comstock* court held that Congress lacked the power to enact such a law under either the Commerce Clause or the Necessary and Proper Clause of the Constitution. *Id.* at 534-35. The court further held that the statute's use of the clear and convincing burden of proof for the required finding that the individual whose commitment was sought had engaged in sexually violent conduct or child molestation violated the Due Process Clause of the Fifth Amendment. *Id.* at 552. In light of the court's decision in *Comstock*, Frier argues that his case should be reopened.

There are several reasons Frier's argument must be rejected and his motion denied. First, the decision on which he relies is from a United States district court in another circuit. It is therefore not binding or precedential in this court and does not represent new law. But even if *Comstock* was controlling in this circuit, Frier would not be entitled to relief. The *Comstock* Court's central holding that Congress lacks the authority to enact such a statue is, of course, no help to Frier because Chapter 980 was enacted by the State, not Congress. The United States Supreme Court has clearly held that States may enact such laws providing for the civil commitment of sex offenders with mental disorders that make control of their sexual impulses difficult or impossible. *See Kansas v. Hendricks*, 521 U.S. 346 (1997); *Kansas v. Crane*, 534 U.S. 407 (2002).

The *Comstock* Court's further holding that the federal statute violated due process because it authorized initial commitment upon clear and convincing evidence that an individual met the statutory criteria, as opposed to proof beyond a reasonable doubt, is also unavailing. It is unavailing first because, unlike the federal law found deficient in *Comstock*, Chapter 980 does require proof beyond a reasonable doubt that the person who is the subject of the petition is a sexually violent person. Wis. Stat. § 980.05(3)(a). It is only on a petition for discharge, after the individual has already been found to meet the criteria for commitment as an SVP, that the statute uses the "clear and convincing evidence" burden of proof. Wis. Stat. § 980.09(3). *Comstock* does not address the issue of what burden of proof applies on a petition for discharge after the criteria for commitment have already been established beyond a reasonable doubt.

More importantly, *Comstock* held only that the use of the clear and convincing burden of proof on the preliminary question of whether the subject of the petition had previously engaged in sexually violent conduct or child molestation offended due process. That question, the court observed, was one of explicit fact that was susceptible to proof under the higher criminal law burden that the Supreme Court had held was constitutionally required in juvenile proceedings, a similar proceeding that was nominally civil but rested at least in part on a determination of historical fact. *Comstock*, 507 F. Supp.2d at 555-56 (*citing In re Winship*, 397 U.S. 358 (1970)). As to the second prong of the test for federal commitment, whether the individual is "sexually dangerous to others," the court in *Comstock* concluded that the clear and convincing standard could be constitutionally applied. *Id.* at 556 ("Application of the clear and convincing standard to this second prong of the § 4248 test satisfies *Addington* [*v. Texas*, 441 U.S. 418, 431-33 (1979)] without offending *Winship* and thus does not violate due process."). Wisconsin's Chapter 980 procedure differs substantially

3

from the federal procedure in that any individual whom the State seeks to commit as an SVP must have already been convicted of a sexually dangerous offense in a prior criminal proceeding in which he enjoyed all of the procedural safeguards to which he was constitutionally entitled. Thus, under Wisconsin's Chapter 980 scheme, the requisite predicate conviction for a sexually violent offense satisfies the constitutional concerns that underlay the *Comstock* court's due process ruling. The factual predicate for civil commitment has been proven by evidence convincing beyond a reasonable doubt.

For all of these reasons, I conclude that the court's decision in *Comstock* does not warrant relief under Rule 60(b). Frier's motion is therefore denied.

**SO ORDERED** this      27th      day of February, 2008.

                                                         s/ William C. Griesbach
                                                         William C. Griesbach
                                                         United States District Judge